IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CR-214-TWP-DCP-1 |
| | ) | |
| DAVID ALLEN HASKETT, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court for a motion hearing on February 19, 2019, on Defendant Haskett's Motion to Continue Trial [Doc. 19], filed on February 11, 2019. Assistant United States Attorney Frank M. Dale, Jr. appeared on behalf of the Government. Attorney Mike Whalen appeared on behalf of the Defendant, who was also present.

The motion [Doc. 19] requests that the February 26, 2019 trial date be continued, as well as for the February 19, 2019 deadline for plea negotiations to be extended, to allow defense counsel time to potentially reach a resolution in this matter. Further, the motion states that Attorney Whalen was appointed as counsel for the Defendant on January 1, 2019 due to a conflict with prior counsel. During the hearing, Attorney Whalen explained that he sought a continuance to be able to meet with the U.S. Probation Office to clarify potential sentencing issues, as well as to continue discussions to reach a resolution in this case. The Government stated it had no objection to a continuance. The parties then agreed on a new trial date of April 9, 2019.

1

The Court finds the motion to continue to be well taken and unopposed by the Government. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Thus, the Court finds that the failure to grant a continuance would deprive defense counsel of the reasonable time necessary to prepare for trial despite the exercise of due diligence. *See* § 3161(h)(7)(B)(iv).

Accordingly, Defendant Haskett's Motion to Continue [Doc. 19] is **GRANTED**. The trial of this matter is reset to **April 9, 2019**. The Court also finds that all the time between the filing of the instant motion on February 11, 2019, and the new trial date of April 9, 2019, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). With regard to further scheduling in this case, the deadline for conducting plea negotiations is **March 26, 2019**. The Court instructs the parties that all motions *in limine* must be filed no later than **March 25, 2019**. Finally, special requests for jury instructions shall be submitted to the District Court no later than **March 28, 2019**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

  (1) Defendant Haskett's Motion to Continue Trial Date and Deadlines [**Doc. 19**] is **GRANTED**;

  (2) The trial of this matter is reset to commence on **April 9, 2019, at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

  (3) All time between the filing of the instant motion on **February 11, 2019**, and the new trial date of **April 9, 2019**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

  (4) Motions *in limine* must be filed no later than **March 25, 2019**;

  (5) The parties have until **March 26, 2019**, to conclude plea negotiations; and

(5) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **March 28, 2019**.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge